In the Matter of the Application and Petition of THE CITY OF NEW YORK to Acquire Certain Real Estate at Mohansic Lake and Little Mohansic Lake, in the Town of Yorktown, Westchester County, New York, under the Greater New York Charter and Pursuant to Chapter 543 of the Laws of 1925,* to Be Acquired for the Sanitary Protection of the Water Supply of the City of New York. (Parcels C, E, E-1, E-2, F and G.)

THE CITY OF NEW YORK, Appellant; THE CHASE NATIONAL BANK OF THE CITY OF NEW YORK and Another, as Executors, etc., of WILLIAM D. BALDWIN, Deceased, and Others, Respondents.

Second Department, January 23, 1933.

*Charles A. Cohen* [*Arthur J. W. Hilly, Corporation Counsel,* and *Frank T. Fitzgerald* with him on the brief], for the appellant.

*Harry B. Chambers* [*William D. Cunningham* and *Harry H. Chambers* with him on the brief], for the respondents.

PER CURIAM. On the face of the affidavits for services rendered by expert witnesses as to value, they are deliberately and studiedly excessive in certain respects — as, for instance, making a charge for a full day in the viewing of parcels for each of two parcels

---

* Amdg. Gen. Mun. Law, § 76.—[REP.

examined, although the " view " of both occurred on the same day. Again, there is a charge for one day spent in the examination of the opinion of the Special Term in refusing to confirm the awards. Just why the city should be required to pay for the legal education of this expert does not appear. Other items are of the same general character. We will on this appeal disapprove and strike out certain items, as follows:

The witness Purdy viewed parcels E and F on the same day, December 16, 1927, but charged for a full day as to each parcel. This charge should be reduced by one-half. The charges of the same witness for viewing parcels C and G, and for " examining taking line " of parcel G, are reduced to one day for inspecting each parcel.

The allowance of fees for two days to the witness Howe for testifying as to parcels C and G on the same day, May 13, 1931, is reduced to an allowance for one day. The allowance to this witness for two days' inspection of parcel C is reduced to an allowance for one day; and the claim for one day spent in planning an itinerary for the commissioners to view other properties should be struck out from the allowance made as to parcel E.

From the allowance to the owner of parcel E in relation to the witness Whittle there should be struck out the claim for one day spent in reading the opinion of the Special Term refusing to confirm the awards. From the allowance to the owner of parcel F in relation to the same witness there should be struck out the charges for one day spent in the office of the county register tracing chain of title with respect to water rights to center of lake, and one day for platting parcel F " in mind's eye."

The facts we have just stated concerning certain charges by witnesses cast a doubt over the claims presented by these experts in their entirety. Generally speaking, the affidavits do not give any details concerning the charges made — with some exceptions. They are little more than a list of items with no explanation thereof. They neither indicate the time actually spent on the work and the reasonableness of the charge, nor the necessity for making such an expenditure of time or labor either in preparing for the trial or in attending at the trial. In no instance is there a charge for less than a full day. It would seem quite possible that some of the items would require but a small portion of a day. These affidavits furnish no information, either to the Special Term or to this court, which would permit an adequate appraisal of the value of the services for which an allowance is asked. Such affidavits would be barely sufficient upon which to base an allowance if the motion were not opposed; and when challenged, as here, they have no legal force.

It is, as we have indicated, impossible to review nearly all the items, on the record presented, in order that a proper adjustment of the separate items for services may be passed upon with regard to the reasonableness of the charges made, both as to the actual time necessarily spent and the value of the services rendered. As to those items not definitely struck out here, the order should be reversed and the matter remitted to the Special Term with directions to the respondent owners to file further affidavits concerning the claims for disbursements in the nature of compensation for expert witnesses; and to call witnesses and offer proof on the subject if so required by the court.

As to counsel fees allowed, the order should be affirmed.

As to certain enumerated items, the order should be modified by disallowing them and striking them from the total amounts allowed.

As to the remainder of the order, it should be reversed on the law and the facts, and the matter remitted to Special Term to proceed in accordance with this opinion.

YOUNG, KAPPER, HAGARTY, TOMPKINS and DAVIS, JJ., concur.

Order of March 1, 1932, in so far as counsel fees are allowed affirmed. As to certain items enumerated in the opinion the order is modified by disallowing them and striking them from the total amounts allowed, and as so modified the order with respect thereto is affirmed. As to those items not so disallowed and struck out the order with respect thereto is reversed on the law and the facts, and the matter remitted to the Special Term, with directions to the respondent owners to file further affidavits concerning the claims for disbursements in the nature of compensation for expert witnesses, and to call witnesses and offer proof on the subject if so required by the court. No costs will be allowed on this appeal. Settle order on notice.